PENDLETON, President,
after stating the case, delivered the resolution of the Court.
There is no question upon the liability of the administrator to pay the plaintiffs their due shares, though he paid the whole to Robert without notice; since that payment was at his peril, and he might have secured himself, and perhaps did, by taking security for Robert to indemnify him.
The only question is, for what sum he shall be liable? whether, for what the certificates were really sold for? or, ' for the current market price of such at the time? or, what they would be now worth, if they had been preserved, had been subscribed into the Continental Loan Office, and had remained in that state?
The opinion of the Court, with the reasons on which it is founded, will appear in the decree formed; and, therefore, are not anticipated.
si The Court is of opinion, that the appellant was liable to pay the appellees their distributive shares of the intestate’s estate, notwithstanding his having paid the whole to Robert Daugherty, without notice of there being other relations, since such payment was at his peril, and he either did take, or might have required a bond from Robert, with security, for his indemnity. That the appellant is not liable for what the certificates, if preserved, would in event have produced now, by operations which he was not obliged, if he had power, to pursue, and which, if he had pursued, might, in a contrary event of things, have reduced them to nothing. He had not only power to sell the certificates, as an article which might grow worse, of which he, acting fairly, was the judge;* but was compelled to do so, to raise as well the debt of twenty-nine pounds fourteen shillings and five pence, as the distributive share of Robert Daugherty, a more considerable sum; but, the administrator ought to be accountable for the value of the certificates at the time, according to the then market price at Alexandria, where the intestate died, and where the administrator liv *84 ed; as to which the answer is, that the administrator was induced to assent to the sale made by Robert Daugherty to Finlay, from his opinion of the judgment of Wise, a considerable dealer in certificates, and who, when those in question were supposed to be his property, had agreed to sell them to Finlay, for the same price which the latter was to give Daugherty; and adds, that he still believes that they were sold for as much as could have been got for them at that time and place, tendering a fair issue for enquiry, whether the market price at that time and place exceeded the sales: to this the appellees have made no proof, the price at Richmond being foreign and unimportant, and the answer, being responsive to the bill, is uncontradicted; for which reason, and. since the whole transaction appears to have been fair, without any view to benefit the administrator or purchaser, and had the approbation, or rather was the contract of Robert Daugherty, the only relation then known to the administrator; without deciding whether the administrator should have sold the certificates at auction, upon due notice, or have enquired further of ihe current price than of Wise.
The Court is of opinion, under all the circumstances of this case, that the real sale ought to stand as the market value, and the appellant to account accordingly; and that the decree aforesaid is erroneous: Therefore, it is decreed and ordered, that the same be reversed and annulled, and that the appellees pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here; and the cause is remanded to the said High Court of Chancery for an account to be taken, and a decree according to the principles of this decree.”

[* M'Call v. Peachy’s adm'r. 3 Munf. 288.]